## McGINTY et al. v. REYNOLDS et al.

Under Civ. Code, § 1461, providing that everything which an employe acquires by virtue of his employment, except compensation, belongs to the employer, whether acquired lawfully or unlawfully, an agent employed by a principal to effect a purchase of land at the owner's lowest price for a commission of a specified sum per acre may not act, without notice to the principal, in the employment of

the owner and receive compensation therefor, and such compensation cannot be retained, but the principal may sue therefor.

A complaint in an action by a principal against an agent employed to purchase real estate for a sum received by defendant from the owner in excess of the compensation fixed by the contract of employment, which unnecessarily alleges that the principal submitted a written proposition through defendant to the owner, but which proposition was not signed by the owner or by defendant as the owner's agent, does not base a recovery on such proposition, and the proposition can only be considered in determining whether the agent was employed by the principal as alleged, or whether he acted as agent of the owner with the principal's knowledge, so that the admission of parol evidence to vary the proposition was not erroneous.

Where a principal suing an agent retaining money in excess of the compensation due under a contraact employing the agent to effect a purchase of real estate at the owner's lowest price for a specified commission per acre testified that he relied on the agent's representation as to the owner's lowest price and that such representation was false, evidence of the actual valaue of the land purchased, or what the principal considered it to be worth, was inadmissible.

The error, if any, in sustaining objections to questions put to a witness on the ground that they were leading, was not prejudicial, where all the testimony sought to be elicited was subsequently given by the same witness.

Where, in an action against two defendants, there was no evidence of admissions by a defendant in the absence of codefendant that could prejudice any of codefendant's substantial rights, it was not error to refuse to charge on the effect of admissions of a defendant made in the absence of codefendant.

In an action by a principal against an agent for money retained in excess of compensation due the agent under a contract employing him ·to effect a purchase of real estate at the owner's lowest price for a commission of a specified sum per acre, evidence held to show that the principal did not know that the agent was also acting for the owner in the transaction and received compensation for services rendered the owner, authorizing the principal to recover such compensation.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by C. McGinty and another against F. A. Reynolds and another. From a judgment for plaintiff against defendant named, and from an order denying a new trial, he appeals. Affirmed.

*James Brown,* for appellant.

HANEY, J. This is an action to recover $240, with interest, alleged to have been received and retained by the defendants in excess of the compensation due to them while employed by the plaintiffs in effecting the purchase of certain described land in Brule county. A verdict having been directed in favor of the defendant Boyts and one returned against the defendant Reynolds for the amount demanded, judgment was accordingly entered, from which and an order denying his application for a new trial defendant Reynolds appealed.

A plain and concise statement of the facts constituting the plaintiffs' cause of action, as against the appellant, would be substantially as follows: That the plaintiffs employed the appellant to act for them in effecting the purchase of 360 acres of land; that, in consideration of a commission of 50 cents per acre, the appellant undertook and agreed to effect such purchase at the owner's lowest price; that he procured the land for the plaintiffs for which they agreed to and did pay $15.50 per acre, with the understanding that the owner's price was $15 per acre, and the appellant's compensation for his services 50 cents per acre; that after the plaintiffs had paid $15.50 per acre, amounting to $4,960, for the land, under the belief that the owner was to receive $4,800 and the appellant $160, they ascertained that the owner received $14.25 per acre, amounting to $4,560, and the appellant received of the purchase price, and retained, in addition to the compensation agreed upon, the sum of $240, the difference between the owner's price and what it was represented to be by the appellant; and that the appellant has refused to return the sum so received in excess of his agreed compensation, though a return has been demanded. It is admitted by the answer that the appellant procured to be sold to the plaintiff, the land described in the amended complaint for $15.50 per acre, that the plaintiffs paid for the land by cash and notes, and that the appellant has not paid to the plaintiffs the $240 alleged to have been overpaid for the land, though payment thereof has been demanded. All the allegations of the amended complaint not admitted are denied. So the material issues of fact raised by the pleadings are whether the alleged contract of em-

ployment existed; whether the owner's price was less than $15 per acre, as represented by the appellant; and whether the appellant received and retained the difference between the owner's price as represented by the appellant and the price which the owner actually received.

The evidence conclusively shows that the owner understood the appellant was acting as his agent; that the land was being sold for $15.50 per acre; that 50 cents per acre was going to some person other than the appellant who had assisted him in making the sale; and that 75 cents per acre was to be retained by the appellant as commission. It also conclusively shows that the appellant received 75 cents per acre in addition to the 50 cents per acre allowed him as commission or compensation by the plaintiffs. This being so, the material question for the jury to determine was the appellant's relation to the plaintiffs.

[1] If, as they allege, he was employed by them to effect the purchase for them at the owner's lowest price and agreed to do so for a commission of 50 cents per acre, without notice to them of his employment by the owner of the land, he certainly should not be allowed to retain any part of the purchase money in excess of the commission agreed upon. "Everything which an employe acquires by virtue of his employment, except the compensation, if any, which is due to him from his employer, belongs to the latter, whether acquired lawfully or unlawfully, or during or after the expiration of the term of his employment." Rev. Civ. Code, § 1461.

[2] The amended complaint contains an unnecessary allegation to the effect that the plaintiffs submitted a written proposition through the defendants pursuant to the terms of the contract of employment to the owner of the land to pay $15 per acre, together with 50 cents, which they understood was the appellant's commission. Each of the plaintiffs having testified that after an inspection of the land they called on the appellant and had a conversation with him in relation to its purchase, each was asked to state such conversations, to which appellant objected on the ground that the contract for the purchase of the land was, as alleged in

the amended complaint, in writing, and which objection was overruled; the plaintffs being allowed to testify to an oral contract of employment. The writing termed a proposition, or proposal, in the complaint and designated as the contract to purchase the land by the defendants, was offered by the plaintiffs and received in evidence. So far as material, it is as follows: "Memorandum of agreement. This agreement made and entered into by and between C. F. Krueger of ———— county, Illinois, party of the first part, and McGinty and Senneff of Carroll county, Illinois, party of the second part, witnesseth; For and in consideration of the sum of forty-nine hundred and sixty dollars, the party of the first part hereby agrees to convey or cause to be conveyed unto the party of the second part (or to whom he may elect) the following described real estate: * * * containing in all 320 acres, more or less, according to the U. S. government survey, at the above named price in the following manner to wit: * * * It is agreed that abstracts showing a good and merchantable title to the above-described property shall be furnished by the party of the first part. This contract made in duplicate subject to the approval of C. F. Krueger. Dated this 20th day of August, 1905. F. A. Reynolds, Party of the First Part. McGinty and Senneff, Party of the Second Part." It is contended the court erred in admitting oral evidence to contradict or vary the terms of this instrument. The contention is clearly untenable. It was not the contract sued upon. It did not purport to be a contract between the plaintiffs and appellant. It did not purport to be signed by Krueger, the owner of the land, or by the appellant as his agent. It was nothing more than an offer or proposal to purchase upon the terms stated therein, which, if accepted, may have constituted a contract between the plaintiffs and the owner. It was not the contract of employment alleged in the complaint. It was, as stated by the learned trial court in charging the jury, simply one circumstance or item of evidence to be considered in connection with all the evidence in determing whether the appellant was employed by the plaintiffs as alleged, or whether he was acting as the agent of the owner of the land, and they knew or should have known he was so acting.

[3] The plaintiffs having testified that appellant represented to them when their offer to purchase was prepared that $15 per acre was the owner's lowest price, that they relied on such representation, and that otherwise the offer would not have been made, this question was asked on cross-examination: "Did you buy this land because Reynolds told you that $15 was the owner's price, or did you buy it because you thought it was worth $15.50 per acre?" The objections to this and other questions along the same line were properly sustained. It was not material what the land was actually worth, or what plaintiffs considered it to be worth . They naturally would desire and had the right to purchase it as cheaply as possible. The fact, if such was the fact, that they considered it worth $30 or more per acre, was no reason why they should not buy it at the owner's lowest price. If appellant was employed to act for them as they alleged, they had a right to reply on his representation, and certainly would not have made the offer if they had known the land could be purchased at a lower price.

It is contended certain conversations with the defendant Boyts in absence of the appellant should have been excluded. There was no reversible error in this respect, the evidence being admissible as against appellant's codefendant when received, and such as could not have prejudiced any of appellant's substantial rights.

[4] Defendant Boyts, as a witness for the defendants, was asked certain questions on direct examination which were objected to as leading, and the objection was sustained. We think the questions were leading, but, if they were not, reversible error cannot be predicated upon the rulings relating thereto, for the reason that all the testimony sought to be elicited by the excluded questions was subsequently given by the same witness.

[5] It was not reversible error to refuse appellant's first request for instructions relating to the effect of admissions of one defendant made in the absence of the other, for the reason that the record discloses no evidence of admissions by defendant Boyts, in the absence of appellant, that could have prejudiced any of the latter's substantial rights.

Appellant's second request was properly refused because it stated, perhaps correctly, the rule governing cases of misrepresentation as to the owner's price, where the vendee is dealing with the vendor's agent, knowing him to be such, an essentially different situation from the one presented by the pleadings and evidence in the case at bar.

Appellant's third request was properly refused because it erroneously assumed that the writing introduced by the plaintiffs established the fact that the plaintiffs knew appellant was the owner's agent, whereas such writing justified the inference that appellant was adroitly concealing that fact from the plaintiffs.

[6] The trial court charged the jury, in effect, that, though the appellant may have been employed by the plaintiffs, as alleged, they could not recover if they knew the appellant was the owner's agent. It is contended the evidence was insufficient to justify the conclusion that plaintiffs did not know the appellant was the owner's agent. The written proposal to purchase prepared by the appellant bore evidence on its face of an intention on his part to conceal from the plaintiff his relations to the owner. One of the plaintiffs testified: "Mr. Boyts and I went to Mr. Reynolds' office in Kimball, and there we talked about this land. The first thing that was said was when Mr. Boyts says, 'Here is a couple of boys that have been looking at some land that they want to buy.' He said this to Reynolds. Mr. Reynolds asked us if we had seen any land that we liked, and we told him we had. We said we liked the S. E. ¼ of section 21 and the N. E. ¼ of section 28, and asked him the price of that land. He said he did not have it listed, but he thought $15 was the lowest that it could be bought for, and he would charge us 50 cents an acre for getting it for us." The testimony of the other plaintiff was to the same effect. Though contradicted by the defendants, there was ample evidence to justify the verdict if the jury believed the plaintiffs' testimony to be true.

The entire record has received attention.

Finding no reversible error, the judgment of the circuit court is affirmed.